Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| RUTH EILEEN BETANCOURT DELGADO<br><br>Peticionario<br><br><br>V.<br><br><br>COOPERATIVA DE SEGUROS MÚLTIPLES DE PUERTO RICO; JOHN DOE, Y OTROS<br><br><br>Recurrido | TA2026CE00006 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br><br>Caso Núm. SJ2024CV10905<br><br><br>Sobre: Daños, Incumplimiento de Contrato |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de abril de 2026.

Comparece la Sra. Ruth Eileen Betancourt Delgado ("señora Betancourt Delgado" o "peticionaria"), para que revoquemos la *Resolución Interlocutoria* emitida el 4 de diciembre de 2025,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("TPI"). En esta, no se permitió la prueba pericial propuesta por la peticionaria.

Por lo cual, la señora Betancourt Delgado nos solicita que revoquemos la *Resolución Interlocutoria* emitida y notificada el 18 de diciembre de 2025, en la cual el TPI declaró *No Ha Lugar* la solicitud de reconsideración, y reiteró que no permitiría la prueba pericial por resultar tardía.

Por los fundamentos que expondremos a continuación, procedemos a ***expedir y revocar*** las resoluciones recurridas.

---

[1] Notificada el 5 de diciembre de 2025.

**-I-**

Del expediente en SUMAC, surge que el **25 de noviembre de 2024**, la señora Betancourt Delgado radicó una *Demanda* contra la Cooperativa de Seguros Múltiples de Puerto Rico y otros.[2] Entre otras, la peticionaria alegó que tenía una póliza vigente para el **20 de septiembre de 2017**, con la Cooperativa de Seguros Múltiples de Puerto Rico ("Cooperativa" o "recurrida"); no obstante, a pesar de haber sufrido daños por el Huracán María, no había podido lograr que la Cooperativa le realizara el pago correspondiente, por lo que solicitó que se condenará a pagar solidariamente las sumas reclamadas.

Luego de varios trámites procesales, el TPI ordenó el traslado del caso a la Sala Superior de Bayamón, toda vez que la acción radicada está relacionada a un inmueble ubicado en dicho municipio.[3] Así, el **3 de febrero de 2025**, la Cooperativa presentó su contestación a la demanda.[4]

Tras otros incidentes procesales, el **3 de diciembre de 2025**, la Cooperativa presentó una *SOLICITUD DE ORDEN Y OTROS EXTREMOS*.[5] Adujo que fue informada, mediante correo electrónico el **18 de noviembre de 2025**, que la peticionaria se proponía utilizar como perito para la reclamación de daños al ingeniero Luis D. Aponte Bermúdez ("Ing. Aponte Bermúdez"). Argumentó que permitirle ese nuevo perito conllevaría un atraso en los procedimientos, por lo cual, solicitó que no se permitiera dicho perito.

En cumplimiento de orden,[6] la peticionaria sometió el **4 de diciembre de 2025**, una *MOCIÓN EN OPOSICIÓN A SOLICITUD DE*

---

[2] Entrada Núm. 1 del caso *SJ2024CV10905* en SUMAC.

[3] *Orden de Traslado* emitida el 14 de enero de 2025, y notificada el 22 de enero de 2025. Entrada Núm. 12 del caso *SJ2024CV10905* en SUMAC.

[4] Entrada Núm. 13 del caso *SJ2024CV10905* en SUMAC.

[5] Entrada Núm. 41 del caso *SJ2024CV10905* en SUMAC.

[6] *Orden* emitida y notificada el **4 de diciembre de 2025**. Véase, Entrada Núm. 42 del caso *SJ2024CV10905* en SUMAC.

*ORDEN*.[7] Alegó que le había expresado con anterioridad al abogado de la Cooperativa, que contrataría al Ing. Aponte Bermúdez como su perito, ante la imposibilidad de llegar a un acuerdo y el cuestionamiento de la capacidad de su ajustador público —Sr. Tomás Figueroa—. Adujo que la notificación fue enviada por correo electrónico el **18 de noviembre de 2025**.[8]

Además, la señora Betancourt Delgado indicó que le había adelantado verbalmente a la contraparte la búsqueda de un perito para probar los daños emocionales sufridos. Señaló que, aun cuando la búsqueda no fue fácil, contrató a la Psicóloga Clínica Forense Dra. Carol Romey ("Dra. Romey") el **3 de diciembre de 2025**. También, expresó que había estado tratando de evitar incurrir en gastos adicionales de perito, toda vez que las partes de buena fe habían estado en negociaciones para transigir la reclamación. Por lo que, le solicitó al TPI que denegara la solicitud de la Cooperativa.

Mediante *Resolución Interlocutoria* emitida el **4 de diciembre de 2025** y notificada el **5 de diciembre de 2025**,[9] el TPI expresó que:

> [E]l 3 de febrero de 2025 dictamos Orden Inicial en Casos de Reclamaciones Relacionadas a los Huracanes Irma y María, en la cual se señaló la Conferencia Inicial para el 7 de abril de 2025. Surge de dicha Orden, específicamente en el segundo párrafo del inciso II (página 2), que la parte demandante debía notificar el nombre de su perito en 30 días y producir su informe en los 30 días subsiguientes.
> En el Informe de Manejo de Caso, presentado el 7 de abril de 2025, la parte demandante solo anunció como perito al Sr. Tomás Figueroa. La Conferencia Inicial se celebró el 22 de mayo de 2025 y se discutió el Informe de Manejo de Caso presentado por las partes. La parte demandante, ante preguntas del tribunal, confirmó su perito sería el Sr. Tomás Figueroa. No se anunció prueba pericial adicional. Tampoco se anunció en la Vista sobre el Estado de los Procedimientos celebrada el 22 de agosto de 2025, en la cual se limitó el descubrimiento de prueba al 30 de noviembre de 2025 y se señaló la Conferencia con Antelación al Juicio para el 12 de enero de 2026.
> No es hasta que culmina el período de descubrimiento de prueba y por moción presentada por la parte demandada el 3 de diciembre de 2025, que este tribunal adviene en conocimiento de las pretensiones de la parte demandante

---

[7] Entrada Núm. 43 del caso *SJ2024CV10905* en SUMAC.
[8] Anejo de la Entrada Núm. 43 del caso *SJ2024CV10905* en SUMAC.
[9] Entrada Núm. 44 del caso *SJ2024CV10905* en SUMAC.

para anunciar prueba pericial adicional. La parte demandante anunció al Ing. Luis Aponte como perito de daños a la propiedad y la Dra. Carol Romey como perito de daños emocionales. Es menester señalar que dichos informes periciales no se han rendido.[10]

Basado en lo anterior, el TPI declaró *Ha Lugar* la moción presentada por la Cooperativa, y, en consecuencia, no permitió la prueba pericial del Ing. Aponte Bermúdez ni de la Dra. Romey.[11]

Inconforme, el **18 de diciembre de 2025**, la peticionaria sometió una *MOCION DE RECONSIDERACIÓN A RESOLUCIÓN INTERLOCUTORIA*.[12] Alegó, entre otras cosas, que la exclusión del Ing. Aponte Bermúdez y la Dra. Romey conllevaría que no podría cuestionar los informes periciales de la Cooperativa; le privaría de un contrapeso técnico; y debilitaría la reclamación de daños emocionales. Arguyó que la contratación de los peritos no era para la multiplicidad de prueba o atrasar el proceso; sino por el contrario, correspondía a la complejidad técnica de la controversia, los informes de ingeniería (mantenidos ocultos desde 2022 y 2025), y la importancia de documentar los daños emocionales.

Añadió que la exclusión de los peritos equivaldría a una desestimación parcial de sus causas de acción, y que ello constituiría un desproporcionado uso de la discreción judicial. Sostuvo que la sanción no era razonable a la conducta imputada, aún más, cuando el retraso estaba vinculado con la contraparte, y que existían alternativas razonables que salvaguardan la sana administración de la justicia.

Por lo cual, le solicitó al TPI que reconsiderara su determinación, permitiera el anuncio formalmente de los peritos y un término razonable para la presentación de sus informes; o, en alternativa a la exclusión, le impusiera una sanción menos severa

---

[10] *Íd.*
[11] *Íd.*
[12] Entrada Núm. 45 del caso *SJ2024CV10905* en SUMAC.

(incluyendo sanciones económicas) sin menoscabar la presentación de la prueba pericial.

Atendida la solicitud por el TPI, la misma fue declarada *No Ha Lugar* el **18 de diciembre de 2025**.[13] Expresó, que:

> Se aclara a la parte demandante que su oposición del 4 de diciembre de 2025 (Entrada #43) fue presentada a las 2:18 p.m. y la Resolución fue suscrita electrónicamente horas después. Véase parte inferior de cada una de las páginas, donde se refleja lo siguiente: "Firmado Electrónicamente: 04/12/2025 **05:11:07 pm**". La parte demandante, al señalar que nuestra resolución fue emitida "a escasamente dos minutos" de presentar su oposición (2:20 p.m.), se equivoca pues dicha hora se refiere a la fecha de notificación de Secretaría al día siguiente, la cual refleja en la parte superior de cada una de sus páginas lo siguiente: "**05/12/2025** 02:20:51 p.m.".
>
> Por otro lado, la parte demandante refiere que fue en la deposición de su perito que se le confrontó con dos informes periciales de la parte demandada del 2022 y 2025, respectivamente, que se habían mantenido ocultos. Esa deposición comenzó el 18 de julio de 2025 y se proponía culminar el 11 de septiembre de 2025 (Véase Minuta de Status Conferencie del 22 de agosto de 2025). Llamamos a la atención de la parte demandante que surge del Informe de Manejo de Caso (presentado el 7 de abril de 2025) que el perito de la parte demandada había rendido un informe en el año 2022 y que sería revisado. No surge del expediente electrónico alguna solicitud u objeción de la parte demandante con respecto a la falta de notificación del informe pericial del 2022. Además, en el Status Conference del 22 de agosto de 2025 se acreditó se había notificado el informe pericial revisado de 2025. La parte demandante no anunció en esa fecha su pretensión de contratar prueba pericial, sino que no fue hasta el mes de noviembre de 2025, a días de culminar el descubrimiento de prueba, que anunció dicha pretensión.
>
> Por tanto, este tribunal se reitera en no permitir la prueba pericial de la parte demandante, no como sanción, sino por resultar tardía.[14]

El **5 de enero de 2026**, la peticionaria recurrió ante este Tribunal Apelativo,[15] mediante una *Petición de Certiorari* y nos señala la comisión de tres (3) errores:

> **PRIMER ERROR:** Erró el TPI al sostener que "no surge del expediente electrónico" controversia, objeción o planteamiento sobre la no notificación/no producción del informe pericial adverso de 2022 y, con base en esa premisa, mantener la exclusión de peritos esenciales, pese a que el récord pertinente incorporado —incluyendo lo consignado en deposición y lo presentado en reconsideración— demuestra lo contrario, configurándose error craso y manifiesto en la apreciación del récord y viciándose el ejercicio discrecional.

---

[13] Notificada el mismo día. Entrada Núm. 46 del caso *SJ2024CV10905* en SUMAC.
[14] *Íd. Subrayado nuestro.*
[15] Entrada Núm. 1 del caso *TA2026CE00006* en SUMACTA.

**SEGUNDO ERROR:** Erró el TPI al calificar como "tardío" (i) el anuncio del Ing. Luis D. Aponte Bermúdez, notificado por escrito el 18 de noviembre de 2025 dentro del término de descubrimiento extendido hasta el 26 de noviembre de 2025; y (ii) la retención/anuncio de la Dra. Carol Romey el 3 de diciembre de 2025, sin ponderar adecuadamente la justa causa (incluyendo la sorpresa real derivada de la exhibición/producción tardía de peritajes adversos en control exclusivo de la recurrida y las gestiones diligentes ante la escasez y limitada disponibilidad local de peritos clínico-forenses), ni armonizar el trámite con remedios procesales menos drásticos que curaran cualquier alegado perjuicio.

**TERCER ERROR:** Abusó de su discreción el TPI al imponer la exclusión total de peritos esenciales que, en sus efectos prácticos, constituye una medida cuasi dispositiva (análoga, total o parcialmente, a una desestimación de reclamaciones medulares), sin balancear perjuicio real, buena fe, diligencia, proporcionalidad y alternativas menos severas (calendario operacional, reapertura limitada, deposiciones y/o medidas económicas), haciendo necesaria la intervención apelativa para evitar un fracaso irremediable de la justicia.

En cumplimiento de orden,[16] el **29 de enero de 2026**, la Cooperativa presentó la *MOCION EN CUMPLIMIENTO DE ORDEN PARA MOSTRAR CAUSA Y EN OPOSICION A PETICION DE CERTIORARI.*[17] Por lo cual, el **2 de febrero de 2026**,[18] dimos por sometido el asunto para la atención del Panel.[19]

Cabe resaltar que el **27 de marzo de 2026**, la peticionaria presentó una *MOCIÓN URGENTE SOLICITANDO ORDEN EN AUXILIO DE JURISDICCIÓN.*[20] Por lo que examinada la misma, ordenamos la paralización de los procedimientos en el TPI.[21]

-II-

-A-

El auto de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[22] Así, se

---

[16] *Resolución* emitida por este Tribunal Apelativo el **16 de enero de 2026**, y notificada el **20 de enero de 2026**. Entrada Núm. 2 del caso *TA2026CE00006* en SUMACTA.

[17] Entrada Núm. 3 del caso *TA2026CE00006* en SUMACTA.

[18] Notificada el mismo día.

[19] Entrada Núm. 4 del caso *TA2026CE00006* en SUMACTA.

[20] Entrada Núm. 5 del caso *TA2026CE00006* en SUMACTA.

[21] Resolución emitida y notificada el **27 de marzo de 2026**. Entrada Núm. 6 del caso *TA2026CE00006* en SUMACTA.

[22] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).

entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[23]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> [E]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...].[24]

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[25]

---

[23] *García v. Asociación*, 165 DPR 311, 321 (2005).
[24] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1. *Énfasis nuestro.*
[25] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 63, 216 DPR __ (2025).

En consecuencia, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[26]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable —ni perjudica los derechos sustanciales de las partes— deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[27]

**-B-**

Por su parte, el descubrimiento de prueba "*[e]s el mecanismo utilizado por las partes para obtener hechos, título, documentos u otras cosas que están en poder del demandado o que son de su exclusivo conocimiento y que son necesarias para hacer valer sus derechos*".[28] Cabe señalar que, a pesar de que se ha establecido que el descubrimiento de prueba debe ser amplio y liberal, [29] el Tribunal goza de amplia discreción para regularlo, de manera que se garantice una solución justa, rápida y económica.[30] Lo anterior tiene como propósito facilitar la tramitación de pleitos, evitando, al mismo tiempo, que se cometan injusticias cuando las partes desconocen sobre situaciones pertinentes a las controversias.[31]

Como principio básico, "*[l]as partes tienen derecho a descubrir toda la información relacionada con su caso, independientemente de quién la posea*".[32] Por tanto, la Regla 23.1 de Procedimiento Civil dispone lo siguiente:

El alcance del descubrimiento de prueba, a menos que sea

---

[26] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[27] *SLG Zapata- Rivera v. JF Montalvo*, 189 DPR 414, 434 – 435 (2013).
[28] *McNeil Healthcare, LLC v. Municipio de Las Piedras*, 206 DPR 659, 672 (2021).
[29] *Íd.*; Véase, *Alvarado v. Alemany*; 157 DPR 672 (2002); *Rivera y Otros v. Banco Popular,* 152 DPR 140 (2000).
[30] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 203 – 204 (2023).
[31] *Rivera y Otros v. Banco Popular,* 152 DPR 140 (2000); *Alvarado v. Alemany, supra.*
[32] *Rivera y Otros v. Banco Popular, supra,* pág. 152.

limitado de algún modo por el tribunal, en conformidad con las disposiciones de estas reglas, será como sigue:

(a) En general. Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible. [...].[33]

Es decir, el descubrimiento de prueba se extiende a cualquier materia que no sea privilegiada y que sea pertinente al asunto en controversia.[34] A tono con lo anterior, para que una materia sea objeto de descubrimiento *"basta con que exista una posibilidad razonable de que tenga relación con el asunto en controversia"*.[35]

Nuestro Tribunal Supremo resaltó que, aun cuando existe una gran flexibilidad en el descubrimiento de prueba y los tribunales tienen discreción para regular dicho proceso, es de gran importancia que el ejercicio de su discreción se ejerza en un balance razonable entre una solución justa, rápida y económica y el interés de garantizar un descubrimiento de prueba amplio y liberal.[36] Por consiguiente, no se interfiere con el foro primario en el ejercicio de sus facultades discrecionales *"excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo"*.[37]

Recordemos que el derecho a presentar prueba en apoyo de una reclamación es un eje central del debido proceso de ley, por lo

---

[33] Regla 23.1 de las Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 23.1.

[34] *McNeil Healthcare, LLC v. Municipio de Las Piedras, supra,* a las págs. 673 – 674; *Ponce Adv. Med. v. Santiago González et al.,* 197 DPR 891, 898-899 (2017); *Rivera y Otros v. Banco Popular, supra,* pág. 153; *Alvarado v. Alemany, supra,* pág. 863; *General Electric v. Concessionaries, Inc.,* 118 DPR 32, 38 – 39 (1986).

[35] *General Electric v. Concessionaries, Inc., supra,* pág. 40.

[36] *Rivera et al. v. Arcos Dorados et al., supra,* pág. 213.

[37] *Rivera y Otros v. Banco Popular, supra,* pág. 155.

que excluir del juicio el testimonio de un perito esencial es equivalente a la medida extrema de desestimación.[38] Por ello, el Alto Foro Judicial de Puerto Rico expresó que esto solo se debe dar en circunstancias excepcionales.[39]

**-III-**

En esencia, la peticionaria nos plantea que el TPI erró al calificar como tardío los anuncios del Ing. Aponte Bermúdez (anunciado el 18 de noviembre de 2025) y la Dra. Romey (anunciada el 3 de diciembre de 2025). Arguye, además, que la exclusión de los peritos sin evaluar la justa causa ni tomar en cuenta los remedios procesales menos perjudiciales, en efectos prácticos constituye una desestimación de sus reclamaciones.

Conforme al derecho previamente esbozado, el descubrimiento de prueba debe ser amplio y liberal, y aunque el Tribunal tiene discreción para regularlo, debe ser en un balance de intereses razonables entre la solución justa, rápida y económica de los pleitos sin que se cometan injusticias. No se debe olvidar que hay un interés a que todo litigante tenga su día en corte, y que excluir el testimonio de un perito es análogo a una medida extrema de desestimación, por lo que solo se debe aplicar de manera excepcional.

Según la *Resolución* emitida el **4 de diciembre de 2025**, en el transcurso procesal del caso, la señora Betancourt Delgado solo confirmó como perito al Sr. Tomás Figueroa; y que, aún en la vista celebrada el 22 de agosto de 2025, <u>en la cual se limitó el descubrimiento de prueba al 30 de noviembre de 2025</u>, la peticionaria no realizó anuncio alguno de prueba adicional. El TPI expresó que no fue hasta el 3 de diciembre de 2025, que adviene en conocimiento de la prueba pericial propuesta. Fundamentó que,

---

[38] *Rivera et al. v. Arcos Dorados et al., supra,* pág. 206-207.
[39] *Íd.*

ante el proceder de la peticionaria y la discreción que tienen los tribunales para manejar los casos, no permitiría la prueba pericial de Ing. Aponte Bermúdez y la Dra. Romey. Nótese, que en la respuesta a la moción de reconsideración, el TPI mantuvo la exclusión de los peritos, no como sanción, sino por resultar tardía —*Resolución emitida el 18 de diciembre de 2025*—.

Un análisis sosegado del tracto procesal, nos lleva a concluir que el TPI incidió al excluir los peritos. Veamos.

Aunque el TPI no permitió los peritos de la peticionaria por notificarlos tardíamente, lo cierto es que el **18 de noviembre de 2025**, esta le notificó a la contraparte de su intención de presentar el testimonio del Ing. Aponte Bermúdez. Dicho correo electrónico fue enviado <u>antes</u> del 30 de noviembre de 2025, fecha límite para culminar el descubrimiento de prueba. Es decir, el Ing. Aponte Bermúdez fue notificado dentro del plazo para descubrir prueba. Por lo que, dicho perito fue presentado de manera oportuna.

Referente a la notificación de la Dra. Romey como perito para probar los daños emocionales, la señora Betancourt Delgado adujo que dada la escasez de peritos para esa especialidad, el 3 de diciembre de 2025 fue que logró notificar la contratación de la Dra. Romey. Aun cuando el anuncio se realizó pocos días después de finalizada la fecha límite establecida, notamos que la peticionaria justificó tal proceder. También, expresó que, de buena fe, las partes habían tratado de transigir la reclamación, en aras de evitar incurrir en gastos adicionales de peritos.

Estamos conscientes de que el tribunal de instancia goza de gran discreción para el manejo de los casos, pero, cuando se aborda el descubrimiento de prueba, se debe ser amplio y liberal; máxime, si la exclusión de un perito solo se debe dar en circunstancias excepcionales.

Evaluada la totalidad del expediente y el derecho aplicable, es forzoso concluir que el TPI incidió al no permitir la presentación de los peritos de la peticionaria. Dado la naturaleza de este caso, tal exclusión, equivaldría a una medida extrema de desestimación.

Por lo que corresponde revocar las Resoluciones recurridas y devolver el caso al TPI para que permita la presentación de la prueba pericial solicitada.

**-IV-**

Por los fundamentos antes expuestos, ***expedimos*** el auto de *certiorari* y ***revocamos*** las Resoluciones recurridas. Así, dejamos sin efecto la paralización en auxilio de jurisdicción y ordenamos la continuación de los procedimientos, conforme a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones